# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

NO: CW 11-00956

**Judgment rendered and mailed to all parties or counsel of record on October 27, 2011.**

EMILE DAVID LABORDE, II, ET AL.
VERSUS
SHELTER MUTUAL INSURANCE CO., ET AL

FILED: 08/03/11

On application of Emile David LaBorde, II, Goldie Lee LaBorde, and Leandra Marie LaBorde for Supervisory Writ in No. 20072066 on the docket of the Fifteenth Judicial District Court, Parish of Lafayette, Honorable Patrick Louis Michot.

|  |  |
|---|---|
| Blake R. David | Counsel for:<br>Emile David LaBorde, II<br>Goldie Lee LaBorde<br>Leandra Marie LaBorde |
| Thomas Reginald Hightower, Jr.<br>Michael Scott Harper | Counsel for:<br>Shelter Mutual Insurance Co.<br>William T. Mills<br>David Matthew Mills |

Lake Charles, Louisiana, on October 27, 2011.

**WRIT GRANTED AND MADE PEREMPTORY.**

At issue in this writ is the Motion In Limine filed by Defendants to exclude information retrieved from "the black box" or any expert reports based on said information. The Event Data Recorder, "the black box", was installed by the vehicle manufacturer. It records data just prior to a vehicle crash and may include vehicle speed, engine speed, percentage of throttle and braking information. In this case the printed data was generated by software that is available from the manufacturer.

Permission was given by the driver to obtain "the black box". Deputy Lantia of the Lafayette Parish Sheriff's Department kept custody and took the box to the Louisiana State Police to have them download the recorded data using a Ventronix Corp. Crash

Data Retrieval System (CDR) which generated a report. "The black box" was lost thereafter. The trial judge does not mention gaps in the chain of custody.

Defendants' expert testified that there was no way to "reflash" the computer chip in the box and alter the resulting data file. Data report information as to the issues of reliability go to the weight, not the admissibility, of the data from the EDR, and each expert should be able to evaluate this evidence for the trier of fact.

In this case Plaintiffs' expert says the printout is sufficient and accurate. Defendants' expert says the printout is not enough and that, since the black box is no longer available, the printout should be excluded.

Many other states have found black box evidence to be reliable: *Commonwealth v. Zimmerman,* 70 Mass. App. Ct. 357, 873 N.E.2d 1215 (2007), *Mates v. State of Florida*, 899 So.2d 403 (Fla. Dist. Ct. App. 2005), *State of New Jersey v. Shabazz*, 946 A.2d 626 (N.J. Super. Ct. Law Div. 2005).

Evidence is usually accepted in relevant scientific fields which are not new or novel. Recording or downloading from the box is not novel and has been used in the automobile industry for over ten years. General acceptance of scientific principle or discovery form the basis for proposed expert testimony and does not require complete agreement over the accuracy of the test of infallibility. It encompasses an extraordinarily high level of proof based on prolonged controlled, consistent and valued experience.

For the foregoing reasons, we reverse the trial judge's granting of the Motion In Limine on use of the EDR "the black box" printout. We find that there is sufficient evidence in the printout from "the black box" EDR, or expert testimony based upon it, to create an issue to be answered when the evidence is offered at trial. *State v. Schmidt,* 97-249 (La.App. 3 Cir. 7/29/97), 699 So.2d 448, 452. Therefore, we remand this matter for further proceedings in accordance with this court's ruling herein.

_____     _____     _____     _____
    SRC            JCP            BHE            JDP

DECUIR, J., dissents and assigns written reasons.

I find no abuse of discretion in the trial court's ruling granting the motion in limine. I find that the accuracy of the event data recorder printout is questionable for the following reasons. The event data recorder was removed from the Mills vehicle two weeks after the accident. The vehicle was not secured in a police impound yard, but was stored by a towing business following the accident. The officer who removed the event data recorder from the vehicle had no training on how to properly remove the recorder. The Defendants' expert testified that the vehicle should have been photographed, the recorder exposed and photographed in its place before it was removed, and the recorder's serial number photographed for identification purposes. The officer also kept the recorder in his vehicle's trunk for two weeks before it was

brought to a state police office for downloading. The Defendants' expert stated that since the data file within the recorder is electronic, it is possible to alter or corrupt the crash data within the recorder by improper handling of the recorder. In sum, the recorder was not treated as evidence and a proper chain of custody was not maintained.

As to the printout itself, I find that it raises questions of reliability. The vehicle identification number on the printout was entered manually by the operator of the software program during the download process because the recorder itself does not contain the VIN number of the vehicle into which it is placed. The printout was downloaded using a different version of the vehicle manufacturer's software than was used to actually print the document. In addition, I find that the printout cannot be verified since the location of the event data recorder containing the original data is not known and the computer records that would show that the data was properly downloaded, interpreted and generated are no longer available. Without these items, the Defendants' expert witness cannot review and test the reliability of the software's printout because the actual data itself is missing. More importantly, without the recorder, there is no way to determine whether the recorder had malfunctioned or been tampered with.

In conclusion, I find that the acquisition and handling of the event data recorder evidence in this case necessarily renders the printout at issue unreliable and inadmissible at trial. La.Code Evid. art. 901. *Washington v. Aetna Life Ins. Co.*, 04-135 (La.App. 4 Cir. 10/13/04), 886 So.2d 572, *writs denied*, 04-2803 (La. 3/11/05), 896 So.2d 63, and 04-2753 (La. 3/11/05), 896 So.2d 75.

Therefore, I would deny the writ finding no abuse in the trial court's discretion.